IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,062-01






EX PARTE BILLY DANIEL MCINTOSH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B010392AR IN THE 163RD DISTRICT COURT


FROM ORANGE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to thirty years' imprisonment. The Tenth Court of Appeals affirmed his conviction.
McIntosh v. State, No. 10-02-00110-CR (Tex. App.-Waco, delivered August 18, 2004). 

 Applicant contends that his plea was involuntary, his counsel was ineffective both at trial and
on appeal, and the State breached a plea bargain agreement. Counsel has not responded to
Applicant's allegations, nor has the trial court made any findings of fact or conclusions of law
regarding Applicant's assertions.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case,
the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claims that his plea was involuntary. The trial court shall make findings of fact as to whether the
performance of Applicant's trial attorney was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall make findings of fact as to whether
Applicant's appellate counsel timely informed Applicant that his conviction had been affirmed and
that he had a right to file a petition for discretionary review. The trial court shall make findings of
fact as to whether a plea bargain agreement ever existed in this case and if so, whether the State
breached that agreement. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's findings of fact and conclusions of law, shall be returned to
this Court within 120 days of the date of this order. Any extensions of time shall be obtained from
this Court. 




Filed: April 4, 2007

Do not publish